UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JEANNIE REED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0556-CVE-SAJ |
| ) | |
| **STATE FARM MUTUAL AUTOMOBILE** ) | |
| **INSURANCE CO., a domesticated insurer;** ) | |
| **STATE FARM INDEMNITY CO., a** ) | |
| **domesticated insurer; and STATE FARM FIRE** ) | |
| **AND CASUALTY CO., a domesticated insurer,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's motion for remand (Dkt. # 18). Plaintiff originally brought this action in the District Court of Tulsa County, State of Oklahoma. Defendants State Farm Mutual Automobile Insurance Co., State Farm Indemnity Co., and State Farm Fire and Casualty Co. removed to this Court on September 23, 2005, based on federal diversity jurisdiction (Dkt. # 2). 28 U.S.C. § 1332. Plaintiff seeks to remand on the ground that defendants' Notice of Removal was untimely.

### I.

Any civil action brought in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Subject matter jurisdiction is established, generally, either by the presence of a federal question, 28 U.S.C. §1331, or diversity of citizenship, 28 U.S.C. §1332. For a federal court to exercise diversity jurisdiction, there must be complete diversity in the citizenship of the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Further, 28 U.S.C. § 1446(b) requires that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

Therefore, to be timely, defendants must file a notice of removal within thirty days of first receiving "unequivocal" notice that federal jurisdiction is proper. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999). Since the parties agree, and the record confirms, that complete diversity exists between plaintiff and defendants and that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, the issue to be determined is when the thirty-day removal period began to run.[1]

## II.

Plaintiff alleges that she was injured in a 1987 automobile accident, which caused her chronic physical and psychological pain. Based on an insurance policy, one or more of the defendants paid plaintiff's related medical expenses starting in 1987 but ceased payments in 2003. On September 24, 2004, plaintiff sued defendants, alleging breach of contract and bad faith. The petition sets forth a demand for actual damages in excess of $10,000.[2] On December 29, 2004, defendants removed this action to federal court (Case No. 04-CV-960-CVE). On February 18, 2005,

---

[1] Defendants filed their Notice of Removal on September 23, 2005, thereby falling within the one-year period for removal for diversity cases, given that plaintiff commenced this action on September 24, 2004. 28 U.S.C. § 1446(b).

[2] In Oklahoma, the general rules of pleading require that:

"[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

2

this Court remanded the case because neither the petition nor defendants' first Notice of Removal affirmatively established the requisite amount in controversy. See Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). In remanding the case, this Court held that:

> Defendants assert in the Notice of Removal that the amount in controversy exceeds $75,000 and support this assertion with the facts that (1) from the time of plaintiff's accident through 2003, they have paid her in excess of $800,000 in personal injury protection benefits, which include payments for medical care, and (2) her medical expenses averaged $15,000 per month during that period. What defendants have not made clear is how many months they expect her claims to continue, and whether they expect that average rate to change. This is insufficient to satisfy the economic analysis required by Laughlin. Neither defendants' conclusory statements, nor the specific facts asserted concerning past payments, is sufficient to establish that the requisite amount in controversy has been met.

Case No. 04-CV-0960-CVE, Dkt. # 13, at 5. Subsequently, the parties conducted discovery in state court.

In September 2005, defendants received an unsigned response to interrogatories in which plaintiff declared "From the date of discontinuation [of] the benefits under the insurance policy to date Ms. Reed's loss is approximately $330,000 and continues into the future at approximately the same rate." Dkt. # 2, Ex. 6, Plaintiff's Response to Defendants' Interrogatories, at 2. This unequivocal response makes clear that plaintiff's demand exceeds the requisite amount in controversy. Defendants claim that plaintiff's interrogatory response was the document from which it could "first be ascertained that the case is one which is or has become removable . . ." 28 U.S.C. § 1446(b).

Plaintiff's argument for remand is that defendants were first aware of the actual amount in controversy in March 2005, causing the period for removal to expire in April 2005, and making the September 2005 Notice of Removal untimely. To support her argument, plaintiff submits numerous exhibits which discuss her health status and approximate her monthly medical bills. Specifically,

3

plaintiff's exhibits establish that her physician, Dr. Rylander, believes she must continue treatment indefinitely. Plaintiff argues that "[w]hen Defendant obtained Dr. Rylander's records in late March[] 2005, Defendant was in a position to answer this Court's question as to how long the medical treatment which had preceded cutting off Plaintiff would continue." Dkt. # 18, at 3-4. However, defendants' 2004 Notice of Removal stated that plaintiff "seeks to recover the foregoing benefits on a permanent basis." Case No. 04-CV-960-CVE, Dkt. # 1, at 2. Speculation as to future medical bills is the type of analysis this Court expressly disfavored in the earlier order remanding the case. Information insufficient to satisfy the economic analysis required by Laughlin is insufficient to put defendants on notice of federal jurisdiction and, thus, to trigger the removal period.

Under section 1446(b), the thirty-day removal period is not triggered until the defendant is able "to intelligently ascertain removability." Huffman, 194 F.3d at 1078 (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979)). Accordingly, the Court finds that the thirty-day removal period began to run when defendants received plaintiff's response to interrogatories in September 2005 and, thus, their filing of the Notice of Removal on September 23, 2005, was timely. **IT IS THEREFORE ORDERED** that the motion for remand (Dkt. # 18) is hereby **denied**.

**IT IS SO ORDERED** this 18th day of November, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4